Sullivan, J.
In this case there is a petition for mandamus against the county commissioners to require them to make an itemized *434 and detailed report as provided for in the amendment of section 917, Revised Statutes. The law before it was amended required the commissioners to make out a detailed report of their financial transactions of the preceding year; and the law as amended in 1900, 94 O. L., 400, provides that they shall make out a detailed and itemized report of their financial transactions, adding that each item must show to whom the money was paid and for what purpose.
The application is made by publishers of newspapers in this county, who aver in their petition that they are such publishers, and that their newspapers have the required circulation to entitle them to the publication of such report, and that by reason of their coming within the requirements they are entitled to the publication of this report. They set up those facts in their petition, and also the further fact that each of the plaintiffs are taxpayers and are therefore entitled to have a writ issue as against the commissioners to require them to perform their duty as under this amended statute.
The writ asked for is a peremptory one.
The prosecuting attorney of the county presented two objections to the issuing of the writ: First, that the report did comply with the- statute, substantially so.
Second, that this action could only be brought by a public officer.
Now, as to the first objection, as to the issuing of the writ: It is true that the cost and expense to the county would be very much increased by the preparation of a report such as is now claimed by the petitioners under this amended act; and while several items of this report probably comply with this provision, we think there are others that do not; for instance, the item of payment to the city board of equalization, and to the decennial board of equalization; now, the amount paid by the commissioners in each of those cases is put in in gross and the names of the parties to whom the money is paid are omitted from the report; it would seem clear that there was a failure to comply with this section. It requires that the parties to whom the money is paid shall appear upon this report. In those instances, I think possibly it would appear sufficiently clear what it is paid for, and yet there is, possibly, some question *435 about that; as where they incurred expenses of any character peculiar to the necessary performance of their duty, it would be necessary to itemize under that head. Take, for instance, the item of money paid to witnesses and jurors, and other incidental expenses in connection with the operation of a court: Now, a strict application of this statute would require a report to show how much was paid to each juror, and how much paid to each witness, which would very much enlarge the extent of the report; and a strict construction of this statute would seem to indicate that it is necessary, to set those amounts out in gross, without setting out what the sums were paid for, or not to be in compliance with the statute.
There are several other items in this report in the same condition; so that we think the paper does not present the report required by the amended section of the. statute.
The interest that the public has in a matter of that kind would seem to be that they may not be required to look any further than the report itself; that would seem to be the purpose, because it could be easily ascertained whether these expenditures were properly made, whether they were excessive or whether there was an improper use of the fund, by reference to the auditor’s books; so it occurs to us that the only purpose in the amendment of this section was to have it in shape that the taxpayers would not be required to make that investigation, but by taking up the report could see what the expenditure was for, how much it was, and to whom it was paid; that would seem to be the interest that the taxpayer and the public have in this report.
There are some cases that would seem to indicate that where the interest of the party applying for the writ was that in common with the public or the taxpayers, that there the application would have to be made by a public officer; and yet there are some cases to be found in Ohio that are the other way.. Take, for instance, State v. Brown, 38 Ohio St., 344, where an elector applied for a mandamus to require the sheriff to give the necessary notice for an election for common pleas judge. The question was made in that case, whether the interest of the elector was different from that of any other citizen of the county or dhe sub-division. ( The court held in that case the writ would lie, that he was a proper party to make the applica *436 tion, that he was interested in the election of a judge, and if he was an elector he had a right to be a candidate himself; and so, whilst it was an interest in common, yet he had an individual interest in it. There are some cases the other way. And a very full discussion of that proposition will be found in State ex rel. v. Murphy, 3 C. C., 332, by Judge Shauck. We think, however, that that question does not arise here. In State ex rel. v. Commissioners, 56 Ohio St., 631, a case similar to the one at bar was instituted; and whilst the point was not made, at least it does not appear from the opinion written by Judge Bradbury, of the Supreme Court, yet the discussion of tbe case would seem to indicate that the suit was properly brought. There it was brought by patties situated as these parties are here; they were taxpayers and publishers of newspapers, and to whom .under the statute, the right of publication would go. It is true, that proposition is not discussed in that case, but, as I stated, the court proceeds to write the opinion as if they had a right properly to have the writ issue.
Harper Harper and John Logan, for the relators.
Post & Reid, for Defendants.
In this case the individual interest, that is, the interest of the plaintiffs here, independent of that of the public, is the right to the publication of this report. The right to publish the report, under the statute, is to their benefit, because it increases the fees they receive. That might raise the question of whether their interest could be increased independently of the public interest, which however we are not discussing.
We think the parties plaintiff have the right to apply for the writ under the statute.
The prosecuting attorney did not indicate that he had any defense to make to the petition.
The peremptory writ may issue.